LORRAINE A. SEEBERG, Respondent-Appellant, v. NATHAN D. SEEBERG, Appellant-Respondent.— Memorandum: On April 24, 1969, by a decree of divorce of Supreme Court, Erie County, petitioner was awarded custody of a daughter and respondent was directed to pay $50 per week for the support and maintenance of the child. On June 5, 1969, petitioner, living in Dutchess County, filed a verified petition in Family Court of Dutchess County under the Uniform Support of Dependents Law (Domestic Relations Law, §§ 30–43) alleging the existence of the divorce decree, that respondent had refused and neglected to provide fair and reasonable support since April 11, 1969, and that respondent earns approximately $20,000 per year and asking that respondent pay $50 per week for the support of the child. The petition, with a certificate of the Family Court Judge of Dutchess County stating that respondent should be compelled to answer the petition and be dealt with according to law, was filed in Family Court of Erie County on June 18, 1969. Respondent did not controvert the material allegations of the petition, nor did he make a cross application for modification of the divorce decree. On August 20, without taking testimony and after hearing an informal plea by respondent that his earning capacity had decreased, the court ordered him to pay $25 per week pending receipt of a financial report from the Probation Department. On October 30, after reviewing the financial report and hearing respondent, the court said: " Very frankly, it would seem to me that pretty much the same conditions existed on April 24, 1969, when the divorce decree was entered as exist today, October 30, 1969." Whether the petition is to be construed as an application to enforce the divorce decree, as argued by petitioner, or an application for fair and reasonable support for the child, as argued by respondent, we conclude that upon the record which contains no sworn testimony on behalf of respondent, no proper showing has been made to warrant an award of less than $50 per week or a modification of the support provisions of the divorce decree. Respondent is directed to comply with the support provision of the decree of divorce. (Appeal from order of Erie Family Court, modifying support order.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.